### HENDRIX BROTHERS v. GILLETT BROTHERS.

EVIDENCE—EXPERTS.

Bankers and others of several years' experience in business requiring them frequently to inspect notes, etc., and to examine signatures, are competent to testify as to whether a paper had been altered by changing certain letters.

*Appeal from the District Court of Phillips County.*

Mr. W. D. KELSEY, for appellants.

Mr. P. J. DEMPSTER, for appellees.

THOMSON, J., delivered the opinion of the court.

This is a suit upon a promissory note purporting to have been made by the appellants to M. N. Spahr, and by him indorsed to the appellee. The only defense is a denial of the execution of the note. The appellants admitted the genuineness of their signatures to the paper, but claimed that the note was given to A. A. Spahr, and that, after its execution and delivery, it was altered by changing the initials of the payee from A. A. to M. N., thus substituting for the person to whom the note was made payable another and different person. The alteration as charged was not made by erasing the original initials and substituting the others, but by adding to the first A the marks or lines necessary to make it an M, and in the same manner converting the second A into an N. The transaction in which the note was given was had with A. A. Spahr. The positive testimony of each of the appellants to the change alleged was met by the equally positive counter testimony of A. A. Spahr that the note had never been altered, but was written by himself, payable to M. N. Spahr, exactly as it then appeared.

, R. E. Webster and George E. Clark, bankers of several years' experience, testified that in the course of their business it was necessary for them frequently to inspect notes, checks, drafts, and other like instruments, and to examine signatures. E. N. McPherrin, county treasurer, and formerly a banker, testified that the business of his office required the examination of writings and signatures. All these witnesses, testifying from their familiarity with writings and instruments of various kinds, stated that in their opinion no alteration had been made in the note.

Objection is made that these witnesses did not show themselves qualified as experts to testify concerning the integrity of the note. There was no question which required familiarity with any particular handwriting. It was sought only to ascertain whether two A's had been converted, one into a capital M, and the other into a capital N. To accomplish

the change the cross lines in the A's must have been erased and other necessary lines added. If the business in which the witnesses were and for some time had been engaged, and the necessity on their part of examining instruments and scrutinizing their appearance, in order to the proper transaction of their business, did not qualify them to testify upon a question like this, we are at a loss to conceive what kind of experience or education would be required to render them competent.

The defendants testified in their own behalf, but they made no claim that they did not owe the note, or that the debt which it evidenced was not just, so that there was no question in the case except that of the alleged alteration.

Under proper instructions by the court, the jury found for the plaintiffs, and the judgment which was entered upon the verdict was right and will be affirmed.

*Affirmed.*